CYRUS ARNOLD *& ux.*, *App'ts from decree of Judge of Probate, versus* NATHAN MOWER, *Executor.*

A devise to A "of the income of fifteen hundred dollars to be paid to her annually, to be put at interest by the executor, and to be equally divided among the children after her decease," is a devise of the net income after deducting taxes and other expenses.

When the account of an executor has been allowed by the Judge of Probate, and no appeal is taken, it cannot be revised in the Supreme Court.

In the settlement of such an account, the Judge of Probate may rightfully allow charges to correct errors in former accounts.

When income, payable annually, is devised to a person, over payments may be regarded as advances, and deducted from the income subsequently accruing.

ON REPORT.

APPEAL from a decree of the Judge of Probate for Kennebec county, allowing the third account of Nathan Mower, Executor of the will of Moses Dow.

The case is stated in the opinion.

*J. W. North,* for appellants.

The widow was entitled to the *net* income only. *Clark* v. *Foster,* 8 Met., 568.

The sums allowed in the second account for payments to the widow, for taxes, for interest on taxes paid, are erroneous.

The allowance of these items could not properly be made. *Longley* v. *Hall,* 11 Pick., 124.

The executor cannot open his first and second accounts to correct errors occasioned by his negligence, and thus reduce the principal.

But, if the accounts are opened, all the errors may be corrected.

The Court has power to rectify the accounts from the beginning. 1 Pick., 206. The executor should be required to charge himself with the principal.

*J. M. Meserve,* for the executor.

The *third* account only is before the Court. The errors

in former accounts were rightly corrected.   16 Maine, 308 ;
9 Pick., 27 ; 1 Pick., 157.   No other items of the former
accounts enter into this, and they cannot be considered.   27
Maine, 78, 85.

The widow is entitled to the whole income of the $1500.
The will shows this.   The testator failed to provide for cer-
tain expenses.   They should be taken out of the estate,
rather than out of this devise.

The opinion of the Court was drawn up by

DAVIS, J.—By the terms of the will it is evident that the
testator intended that, after paying his debts, his estate
should be divided among his children, except fifteen hun-
dred dollars to be reserved for his widow.   To her he be-
queathed "the income of fifteen hundred dollars, to be paid
to her annually ;" that sum "to be put to interest by the ex-
ecutor, and to be equally divided among the children after
her decease."   He must have intended, therefore, that there
should be that sum left at the decease of the widow.   It
follows, that the "income" to be given to the wife would be
the net income, after deducting taxes and other expenses.
*Clark* v. *Foster*, 8 Met., 568.

The executor has paid the widow the entire interest of the
fifteen hundred dollars, charging the taxes and expenses to
the estate.   She has, therefore, received annually more than
was her due.   And this, in part, has reduced the sum in-
vested much below the original amount.

But, in settling his first account, in 1829, the executor,
by mistake, charged himself with five hundred dollars too
much.   He also allowed the estate about three hundred dol-
lars for demands which proved unavailable, and which were
afterwards credited to him in his second account.   In con-
sequence of this over estimate of the property, when he di-
vided the first portion of it among the heirs, he paid them
over one hundred dollars, each, more than was their due.
This, with interest upon it from 1829, (which would be the
only way to revise the whole matter,) would nearly make
up the deficiency in his hands.

But none of these matters are now before us.   They are *res judicatæ* in the Probate Court, the orders and decrees of which are conclusive.   Nothing is presented by the report but the propriety of allowing the third account, from which the appeal was taken.

Nor is there any item in this account in regard to which there can be any doubt, except that of $37,80 paid to the widow.   The errors in the first and second accounts were properly corrected.   The appellants did not move the Probate Court to have any other errors corrected.   There was therefore no refusal from which they could appeal.   And no appeal was taken from the allowance of either the first or second account.   The matter was within the jurisdiction of the Probate Court, and the judgment of that Court is final and conclusive.

As the widow had already received more than was her due at the time, the payment to her since the settlement of the second account, was wrongfully made.   The decree of the Probate Court allowing the executor the sum of $37,80, paid to her, is reversed; and the remainder of the decree allowing the account is affirmed.   The widow will be entitled to receive the net income of fifteen hundred dollars during her life; the over payments may be regarded as advances; and it will be the duty of the executor to resume the annual payments as soon as anything more shall be due.

TENNEY, C. J., RICE, MAY and GOODENOW, JJ., concurred.